Ryan M. James (#10946)
HASKINS JAMES, L.L.C.
Attorneys for Plaintiff
6900 South 900 East, Suite 240
Midvale, Utah 84047
Telephone: (801) 561-3344
Facsimile: (801) 561-3440
ryan@haskinsjameslaw.com

IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR
SALT LAKE COUNTY, STATE OF UTAH
SALT LAKE DEPARTMENT

| | |
|---|---|
| AKOUL AGEER, an individual, | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| WALMART INC, a foreign corporation registered to do business in the State of Utah. | Civil No. |
| Defendant. | Judge |

COMES NOW the Plaintiff, by and through her undersigned counsel of record, Ryan M. James of Haskins James, LLC, and for her Complaint against the Defendant, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiff is an individual who resides in Salt Lake County, State of Utah.

2. The facts and circumstances giving rise to the causes of action, alleged

herein, occurred at Walmart Inc., store located at 7250 Union Park Ave, Midvale, UT 84047.

3. The Defendant, Walmart Inc., is a foreign corporation, registered to conduct business in the State of Utah.

4. Jurisdiction is proper in this Court pursuant to Utah Code Ann. §78A-5-102(2).

5. Venue is proper in this Court pursuant to Utah Code Ann. §78B-3-307.

6. Pursuant to Rule 26(c), this matter is designated as a Tier 3 case.

## FACTUAL ALLEGATIONS

7. The Plaintiff re-alleges the averments contained in paragraphs 1 through 6 above, as if fully set forth herein.

8. The facts and circumstances giving rise to the causes of action, pertain to an incident that occurred on June 2, 2019, at a Walmart Inc., store located at 7250 Union Park Ave, Midvale, UT 84047, known as facility #2207 by the Defendant ("Walmart").

9. On June 2, 2019, Mrs. Akuol Ageer was entering the Walmart store to make purchases and go shopping.

10. When Akuol entered the Walmart store, Akuol slipped and fell on the tile floor. The floor was wet, and was not covered by a rug. The rug had been removed by Walmart employees prior to Akuol's entry into the store.

11. In her fall, Akuol sustained injuries.

12. Akuol incurred medical expenses and experienced pain and suffering in the incident, afterwards, including during treatment and healing.

13. Akuol has sustained monetary damages as a result of the accident.

14. Akuol has sustained non-monetary damages in an amount to be determined by the finder of fact.

## CAUSE OF ACTION
### (Negligence)

15. The Plaintiff re-alleges the averments contained in paragraphs 1 through 14 above, as if fully set forth herein.

16. The Defendant had a duty, owing to its customers, to maintain its store, walkways, aisles and floor surfaces free from dangerous conditions, and substances that would present a known fall hazard, or which would make its floors slippery, and to notify customers if such conditions existed, as well as to take immediate action to remove said conditions from areas that customers encounter. The Defendant has a duty to remove conditions that present hazards to its customers, and to protect the customers while on their premises.

17. The Defendant failed to remove water from its floor in the entryway; it failed to provide floor coverings or rugs in the entry way when it was raining; it failed to observe its duty of care and responsibility to its customers by making their premises safe and free of harmful conditions, and maintaining its premises in a manner that would not present dangerous conditions to its customers.

18. The Plaintiff has suffered substantial and significant injuries as a direct and proximate result of the Defendant's negligence. The Plaintiff's injuries have resulted in the general and special damages.

19. The Plaintiff should be awarded judgment against the Defendant in an amount to be determined at the time of trial.

## PRAYER

WHEREFORE, the Plaintiff prays as follows:

1. For an Order awarding her judgment against the Defendant herein in an amount to be determined at trial, which in the opinion of the finder of fact that fully compensates the Plaintiff for the injuries she has sustained;

2. For her costs incurred in bringing this action; and,

3. For such other and further relief as the Court may deem just.

DATED this 21st day of October, 2021.

HASKINS JAMES, LLC

By: /s/Ryan M. James
RYAN M. JAMES
Attorney for Plaintiff

Plaintiff's address:   Akoul Ageer
c/o Haskins James, LLC
6900 S. 900 E., Ste. 240
Midvale, UT 84047